**UNITED STATES of America, PlaintiffAppellee,**

v.

**Sergio SANCHEZ–SANCHEZ, Defendant—Appellant.**

No. 02–50398.

D.C. No. CR–01–03115–JTM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2003.

Decided July 10, 2003.

Before REINHARDT, O'SCANNLAIN, and FISHER, Circuit Judges.

## MEMORANDUM *

Sergio Sanchez–Sanchez appeals his conviction, following a jury trial, for importation and possession of marijuana and methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 952, and 960. The facts and prior proceedings are known to the parties, and are restated herein only as necessary.

## I

■ Sanchez–Sanchez first contends that the indictment filed against him was duplicitous because—by charging him with importation and possession of two different substances, each carrying different maximum sentences—the indictment joined discrete offenses in each of the two counts.

The government conceded at oral argument that the indictment was indeed duplicitous, but nevertheless argued that the error was cured by the court's charge to the jury, which required it to find beyond a reasonable doubt that there were 50 grams or more of methamphetamine found in the vehicle driven by Sanchez–Sanchez. In *United States v. Ramirez–Martinez*, we held that a duplicitous indictment can be remedied in two ways: "(1) the government elects between the charges in the offending count; or (2) the court provides an instruction requiring all members of the jury to agree as to which of the distinct charges the defendant actually committed." 273 F.3d 903, 914 (9th Cir.2001). In the present case, any error was remedied by the second method. The district court

explicitly instructed the jury that, if it found the defendant guilty of importation or possession of a controlled substance (or both), it would be "required to answer the question of whether the government has proven, beyond a reasonable doubt, that the amount of methamphetamine in the substance imported by the defendant was fifty (50) grams or more." This instruction, and the special verdict form which required the jury to "unanimously find, by evidence beyond a reasonable doubt, that the amount of methamphetamine imported by [Sanchez–Sanchez] was fifty (50) grams and more," cured any duplicitousness in the indictment.

## II

Sanchez–Sanchez next claims that the district court erred when it failed to instruct the jury that it could not convict him on either count unless the government proved beyond a reasonable doubt that Sanchez–Sanchez knew that both marijuana and methamphetamine were present in the truck.

■ We have held, however, that the government need not prove knowledge of drug quantity and type. *See United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002) ("*Apprendi* did not change the long-established rule that the government need not prove the defendant knew the *type* and *amount* of a controlled substance that he imported or possessed; the government need only show that the defendant knew that he imported or possessed some controlled substance."). In *United States v. Hernandez*, 322 F.3d 592, 602 (9th Cir.2003), we recently reaffirmed the rule announced in *Carranza*—implicitly rejecting Sanchez–Sanchez's contention that *Carranza* was somehow overruled by our

holding in *United States v. Buckland*, 289 F.3d 558, 568 (9th Cir.2002).

Accordingly, the judgment of the district court is AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.